1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARINA MALDONADO,                    Case No.:  24-cv-0083-WQH-SBC

12                          Plaintiff,    **ORDER**

13   v.

14   VICTOR MANUEL ROBLES
     CHA,
15

16                          Defendant.

17   HAYES, Judge:

18          On January 11, 2024, Plaintiff, proceeding pro se, initiated this action by filing a

19   Complaint against Defendant Victor Manuel Robles Cha. (ECF No. 1). Plaintiff also filed

20   a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) and

21   a Motion to Appoint Counsel (ECF No. 3).

22          The Complaint alleges that Defendant "illegally kept all the stimulus money, after

23   so many times he denied it." (ECF No. 1 at 2.) Plaintiff alleges that Defendant "has kept

24   all the stimulus money and EBT pandemic cards for our children and he is refusing to give

25   me my (50%) share for the children." *Id.* Plaintiff alleges that the first stimulus round was

26   "$500 per child totaling $1000," and 50% of that total would be $500. *Id.* Plaintiff alleges

27   the second stimulus round was "$600 per child plus $500 (Golden State) totaling

28   $2200,00," and 50% of that total would be $1100. *Id.* Plaintiff alleges that the third stimulus

1

round was "$1400 per child plus $600 (Golden State) totaling $4000," and 50% of that total would be $2,000. *Id.* Plaintiff alleges that "Pandemic EBT per child 1st round $592.00 per child totaling $1184," and 50% of that total would be $592. *Id.* Plaintiff alleges that "Pandemic EBT per child 1st round $382.00 per child totaling $764.00," and 50% of that total would be $382.00. *Id.* Plaintiff alleges that "Pandemic EBT per child 1st round $375.00 per child totaling $750.00," and 50% of that total would be $375.00. *Id.* Plaintiff alleges that the grand total combined is $4949.00. *Id.*

Plaintiff alleges that on May 5, 2022, Judge Tim Nader in Department 6 in San Diego Superior Court case number 18FL01269S "transferred this case to San Diego County Child Support Division." *Id.* Plaintiff alleges that on July 7, 2022, Judge Lizbet Munoz in Department 802 in "San Diego Superior Court-DCSS case number DF086943, stated is was a federal issue." *Id.* Plaintiff alleges that on November 30, 2023, Judge Ernest M. Gross in Department C-63 in "San Diego Superior Court case number 23SC00732C – Small Claims Division does not believe he has jurisdiction advised to open a federal case." *Id.*

Plaintiff requests the following relief: the $4949.00 in "gift food card from Food4Less, Ralph's, or VONS." *Id.* at 3.

The Civil Cover Sheet filed with the Complaint states that the basis of jurisdiction is "U.S. Government Plaintiff," Plaintiff's county of residence is San Diego, and Defendant's county of residence is San Diego. (ECF No. 1-1.) The Complaint is otherwise silent as to the Court's subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized" by the United States Constitution and federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it

1  considers the merits of a case."). "If the court determines at any time that it lacks subject-

2  matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden

3  of establishing the Court's jurisdiction "rests on the party asserting jurisdiction."

4  *Kokkonen*, 511 U.S. at 377.

5     In the federal courts, subject matter jurisdiction may arise from either "federal

6  question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S.

7  386, 392 (1987); *see also* 28 U.S.C. §§ 1331–32. To invoke federal question jurisdiction,

8  the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28

9  U.S.C. § 1331. For an action to "arise under" federal law, "[a] right or immunity created

10 by the Constitution or laws of the United States must be an element, and an essential one,

11 of the plaintiff's cause of action." *Franchise Tax Bd. of State of Cal. v. Construction*

12 *Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Gully v. First Nat'l*

13 *Bank*, 299 U.S. 109, 112 (1936)). To invoke diversity jurisdiction, the complaint must

14 allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of

15 interest and costs, and is between ... citizens of different States ... [or] citizens of a State

16 and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a).

17     Here, Plaintiff states that the basis of jurisdiction is a U.S. Government plaintiff.

18 (*See* ECF No. 1-1.) Based upon the Complaint, it appears that Plaintiff is an individual

19 suing in her individual capacity. (*See* ECF No. 1.) Plaintiff does not allege any U.S.

20 Government connection. Additionally, the Complaint contains no reference to federal law

21 and no indication that "[a] right or immunity created by the Constitution or laws of the

22 United States [is] an element, and an essential one, of the plaintiff's cause of action."

23 *Franchise Tax Bd.*, 463 U.S. at 10 (quoting *Gully*, 299 U.S. at 112). Indeed, the Complaint

24 contains no reference to any cause of action or violation of a law to allow the Court to

25 determine whether subject matter jurisdiction exists. To the extent that Plaintiff intended

26 the alleged statements from the named judges to indicate this Court has jurisdiction, this

27 Court is only permitted to exercise jurisdiction in the types of cases authorized by the

28 Constitution and federal law, and Plaintiff bears the burden of establishing this Court's

jurisdiction in the Complaint. *See Kokkonen*, 511 U.S. at 377. In the event that Plaintiff intended to invoke diversity jurisdiction, Plaintiff states that her county of residence is San Diego, California, and Defendant's county of residence is also San Diego, California. (ECF No. 1-1.) Based upon the Civil Cover Sheet, the parties are not diverse. Accordingly, it appears that this Court lacks subject matter jurisdiction over this case because the action does not "arise under" federal law and the parties lack diversity.

IT IS HEREBY ORDERED that Plaintiff Marina Maldonado is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response to this Order within **twenty-one (21) days** of the date this Order is filed. If Plaintiff fails to timely demonstrate subject matter jurisdiction, the Court will order that this action be dismissed without prejudice.

Dated:  January 22, 2024

Hon. William Q. Hayes
United States District Court

24-cv-0083-WQH-SBC